TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00341-CV







Texas Workers' Compensation Commission, The Subsequent Injury Fund, and

Todd Brown in his Official Capacity as Executive Director of the

Texas Workers' Compensation Commission, Appellants


v.



Texas Builders Insurance Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 96-05784, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 







 Appellants Texas Workers' Compensation Commission, the Subsequent Injury Fund
(the "Fund"), and Todd Brown in his official capacity as Executive Director of the Workers'
Compensation Commission (collectively the "Commission") appeal the final judgment of the trial
court declaring that appellee Texas Builders Insurance Company ("TBIC") was entitled to
reimbursement from the Fund pursuant to Texas Labor Code section 410.205(c) and awarding to
TBIC attorney's fees. In six points of error, the Commission challenges the trial court's
jurisdiction, asserts as error the trial court's conclusion that TBIC is entitled to reimbursement,
and challenges the award of attorney's fees. We will affirm.


BACKGROUND

 This case concerns the legislative scheme awarding benefits to injured workers
under the Workers' Compensation Act of 1989 (the "Act"). (1) We described this four-tiered system
for the determination of claims in Texas Workers' Compensation Comm'n v. City of Bridge City,
900 S.W.2d 411 (Tex. App.--Austin 1995, writ denied): 


Subchapter B provides first for the informal resolution of claims through a non-adversarial conference conducted by a 'benefit review officer' who may render an
interlocutory order that benefits be paid or that they not be paid. The informal
conference is a prerequisite to any further proceeding toward resolution of the
claim. See Tex. Lab. Code Ann. §§ 410.021-.024 (West 1995). If issues remain
unresolved after the conference, the parties may agree to resolve the claim by
arbitration under Subchapter C; failing agreement in that regard, a party may elect
to determine the claim by a contested-case proceeding under the provisions of
Subchapter D. Id. §§ 410.101-.121 (arbitration); §§ 410.151-.169 (contested
case). The third tier is established in Subchapter E, providing for an administrative
appeal from the hearing officer's contested-case decision to an appeals panel. Id.
§§ 410.201-.208. Review outside the Commission is authorized in Subchapter F,
establishing a cause of action for judicial review of the appeals-panel decision or
the hearing officer's decision if the appeals panel fails timely to render a decision. 
Id. §§ 410.251-.256.


The insurance carrier must commence making any payments ordered by the benefit-review officer. If the order is reversed or modified after arbitration or the
contested-case proceeding, however, the carrier is entitled to reimbursement from
the subsequent-injury fund for any overpayment. Id. § 410.025(c). And if the
appeals-panel decision affirms the carrier's duty to pay, but the decision is finally
modified or reversed by a reviewing court, the carrier is entitled to reimbursement
for any overpayment. Id. § 410.205(c).



City of Bridge City, 900 S.W.2d at 413 (emphasis added).

 In the instant case, Amador Guerrero sought compensation for injuries occurring
on the job. A dispute over workers' compensation benefits arose between Guerrero and TBIC,
his employer's workers' compensation insurance carrier. The Commission adjudicated the dispute
according to the contested-case procedures described above, and the appeals panel affirmed the
hearing officer's decision that Guerrero sustained a compensable injury and was entitled to benefits
under the Act. TBIC filed suit in district court seeking judicial review of the adverse decision of
the appeals panel pursuant to Subchapter F of the Act. See Act § 410.251-.256. Guerrero failed
to answer the lawsuit. Consequently, the district court granted TBIC a no-answer default
judgment. (2) TBIC then presented a claim to the Commission for reimbursement from the Fund for
benefits paid to Guerrero pursuant to section 410.205(c), which provides:

If the court of last resort in the case finally modifies or reverses an appeals panel
decision awarding benefits, the insurance carrier who has paid benefits as required
by this section may recover reimbursement of any benefit overpayments from the
subsequent injury fund.



Act § 410.205 (emphasis added). It is this claim for reimbursement that lies at the heart of this
dispute.

 The Commission denied TBIC's claim for reimbursement because the modification
of the appeals panel order came as a result of a default judgment rather than a trial on the merits. 
The Commission opined that to do otherwise would allow TBIC to "game the system" and receive
reimbursement from the Fund for benefits paid to Guerrero when Guerrero's claim had never been
reversed on the merits. TBIC sought a declaratory judgment (3) in district court that the statutory
language of section 410.205(c) required the Commission to reimburse TBIC, and that the
Commission had no discretion to deny the claim. The trial court agreed and issued a final
judgment declaring that TBIC was due reimbursement. The Commission appeals the judgment
of the trial court in six points of error, arguing (1) the Act does not waive sovereign immunity nor
does it authorize a suit by an insurance carrier against the Commission; (2) the Uniform
Declaratory Judgments Act ("UDJA") does not waive sovereign immunity nor does it permit a
private litigant to sue the Commission without obtaining permission from the legislature; (3) TBIC
has no right to reimbursement for benefits paid to Guerrero because it obtained a no-answer
default judgment; (4) an insurance carrier may not be reimbursed for payments made to an injured
worker pursuant to a contested-case hearing officer's order during the period when the order is
being appealed to the appeals panel; (5) the administrator of the Fund may exercise discretion in
deciding whether to reimburse a claim made by an insurance carrier for reimbursement; and (6)
the trial court abused its discretion in awarding attorney's fees because the UDJA does not
authorize attorney's fees under these circumstances.


DISCUSSION

 We initially note that the legislature has addressed the situation we consider in this
cause through amendment to section 410.257 of the Labor Code, which now provides in relevant
part: "A judgment under this section based upon default or on an agreement of the parties does
not constitute a modification or reversal of an appeals panel decision awarding benefits for the
purpose of Section 410.205." Act § 410.257(e) (West Supp. 1999). However, the parties
stipulated that this language does not control the dispute before us; we therefore review this
dispute under the language of section 410.205(c) unaffected by the amendment to section 410.257.

 The Commission's six points of error essentially reduce to three core issues: (1)
whether TBIC could bring suit for enforcement of its alleged reimbursement rights; (2) whether
the Commission had the discretion to reject TBIC's claim for reimbursement after a district court
granted a no-answer default judgment; and (3) whether the trial court abused its discretion in
awarding attorney's fees. We shall address each issue in turn.


The Trial Court's Jurisdiction

 The Commission's first issue challenges the trial court's jurisdiction to declare that
TBIC is due reimbursement pursuant to section 410.205(c), specifically arguing that neither the
Act nor the UDJA waive the Commission's sovereign immunity as a state entity. TBIC responds
that at least five independent bases for jurisdiction exist, including: (1) a statutory right to judicial
review pursuant to the Act; (2) the right to judicial review of illegal acts of state officials; (3) the
inherent right to judicial review of state agency actions affecting vested property rights; (4) TBIC's
right pursuant to the UDJA to have judicial determination of its rights under the Act; and (5)
judicial review pursuant to the Texas Administrative Procedure Act (4) to determine the validity of
a rule. We must first determine, therefore, under what authority, if any, the trial court heard this
case and issued its judgment.

 No right of judicial review of agency action exists unless a statute provides for such
review, the action violates a constitutional right, or the action adversely affects a vested property
right. See Stone v. Texas Liquor Control Bd., 417 S.W.2d 385, 385-86 (Tex. 1967). In its final
judgment, the trial court found that the case at bar was not an administrative appeal, but rather an
original cause of action against the Commission for declaratory relief and relief at law. 
Specifically, the trial court found that "the version of the Texas Labor Code § 410.205(c) in
dispute waives sovereign immunity and authorizes a direct suit by a qualified insurance carrier,
such as [TBIC], against [the Commission] to recover monies owed under the statute." Not
surprisingly, in seeking to establish jurisdiction, TBIC first directs our attention to the language
of the Act itself, which it contends expressly waives sovereign immunity from liability and suit. 
We agree with this construction of the statute.

 It is undisputed that the Commission and the Fund, as creatures of statute fulfilling
state functions, enjoy sovereign immunity. Moreover, the question of waiver of sovereign
immunity for any such entity falls to the legislature, and "it is a well-established rule that for the
Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous
language." City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995) (quoting Duhart v.
State, 610 S.W.2d 740, 742 (Tex. 1980)). However, "[t]he rule requiring a waiver of
governmental immunity to be clear and unambiguous cannot be applied so rigidly that the almost
certain intent of the Legislature is disregarded. Legislative intent remains the polestar of statutory
construction." Id. at 292. 

 TBIC urges that we find waiver of the Commission's sovereign immunity in section
410.251 of the Act, which states: "a party that has exhausted its administrative remedies under
this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review.
. . ." Act § 410.251. Furthermore, in its language "[i]f the court of last resort in the case finally
modifies or reverses an appeals panel decision . . . ," section 410.205(c) itself presupposes the
authority to review actions of the Commission. The Commission responds that section 410.251
indeed authorizes judicial review of some of the Commission's actions, but only of decisions by
an appeals panel as set out in the Act. There is no express mention in the Act of judicial review
of the Commission's actions in deciding whether to reimburse an insurance provider after a district
court has reversed or modified a decision of the appeals panel. Thus, the Commission argues that
any putative waiver language which does not mention the specific agency decision regarding
reimbursement from the Fund is inadequate to overcome its sovereign immunity.

 We recently addressed waiver of sovereign immunity under the Health and Safety
Code. See Texas Dep't of Health v. Jane Doe, No. 3-98-677-CV (Tex. App.--Austin June 10,
1999, no pet. h.). In Jane Doe, an HIV-positive individual brought suit for the unauthorized
disclosure of her HIV-status by the Department of Health under section 81.103(a) of the Health
and Safety Code, which states: "A test result is confidential. A person that possesses or has
knowledge of a test result may not release or disclose the test result or allow the test result to
become known except as provided by this section." Tex. Health & Safety Code Ann. § 81.103(a)
(West 1992). The Health and Safety Code further provides for criminal penalties and civil
remedies for unlawful disclosure. See id. §§ 81.103(f), .104. In Jane Doe, we held that, though
section 81.103(a) did not expressly waive sovereign immunity, the legislative intent must
nonetheless have been to do so because the code specifically required state agencies to specify
methods to be used to assure confidentiality. See Jane Doe, slip op. at 5; Tex. Health & Safety
Code Ann. § 81.102(d). "The direct identification of state agencies in the statute indicates that
the legislature contemplated the application of this section [81.103(a)] to state agencies. When
construing a statute, we must view its terms in context and give them full effect." Jane Doe, slip
op. at 5. 

 In the instant situation, although section 410.205(c) does not expressly mention
judicial review of the Commission's decision to grant or deny a claim for reimbursement from a
qualifying insurance carrier, the legislature clearly intended that the statutory scheme it conceived
be enforceable. By providing for reimbursement to insurance carriers from the Fund after a
modification or reversal of an appeals panel decision, the legislature obviously contemplated
situations whereby carriers would be due reimbursement from the Fund. Thus, the statute speaks
to the specific agency action involved in this suit. To allow the Commission to subvert this
process by failing to follow the plain meaning of the statute and to protect itself through sovereign
immunity would make a mockery of this legislative intent. Thus, TBIC must be afforded the
opportunity to prove the Commission's interpretation violates the meaning of the statute. We
therefore hold that Texas Labor Code section 410.205(c) waived sovereign immunity and
authorized a direct suit by TBIC to recover monies owed under the statute. Consequently, we
overrule the Commission's first issue. Having found jurisdiction under the language of the Act
itself, we need not address TBIC's alternative grounds for jurisdiction, nor need we address the
Commission's argument that jurisdiction is not afforded under the UDJA.


TWCC's Discretion under the Statute

 The Commission next challenges the trial court's conclusion that the Commission
lacked the discretion to deny TBIC's claim for reimbursement. The Commission contends that
it needs discretion to deny, in certain circumstances, an insurance carrier's claim for
reimbursement, otherwise insurance carriers, like TBIC, will be able to "game the system." The
Commission describes "gaming the system" in its brief before this Court:


Gaming the system under the Workers' Compensation Act occurs where the merits
of a dispute over workers' compensation benefits is adjudicated by [the
Commission] in favor of the injured worker by the [Commission's] Appeals Panel. 
The carrier then seeks judicial review of the Appeals Panel decision in district
court. The injured worker would have already received all of his or her benefits
and would either fail to answer the carrier's lawsuit or respond to discovery
because he/she has no real interest in the outcome of the litigation, or cannot find
an attorney to represent him/her. The carrier then obtains either a default judgment
or summary judgment against the injured worker and uses the judgment to claim
reimbursement from the Subsequent Injury Fund.



Thus, the Commission argues that the legislative scheme, as employed by TBIC, allows insurance
carriers to exploit the lack of incentive for injured workers to participate in the judicial review of
a favorable appeals panel decision and thereby gain reimbursement from the Fund. In explaining
an injured worker's lack of incentive, the Commission argues further that "since attorney's fees
can be paid only from benefits received by the injured worker, in most of these cases, the injured
worker is unable to retain a lawyer to defend against the carrier's lawsuit because he/she has
received all of his/her benefits." (5) Because the legislative scheme fails to account for the lack of
incentive of injured workers to participate in an appeal of a decision by the appeals panel, the
Commission contends its discretion is necessary to protect the Fund's assets.

 TBIC responds that the Texas Labor Code requires all insurers who are appealing
an appeals panel decision to file a copy of the petition with the Commission. Act § 410.253. The
Texas Labor Code also gives the Commission discretion to intervene in any such appeal. Id.
§ 410.254. Thus, TBIC argues that the Commission was provided notice of the appeal and an
opportunity to intervene to protect its interests. According to TBIC, because the Commission
never intervened, TBIC was never afforded an opportunity to have the decision of the appeals
panel modified or reversed on the merits.

 In settling this dispute, we look to the language of the statute itself. See City of
Austin v. L.S. Ranch, 970 S.W.2d 750, 752 (Tex. App.--Austin 1998, no pet.) ("If possible,
however, we are to discern legislative intent from the plain meaning of the words of the statute."). 
Section 410.205(c) of the Labor Code conditions reimbursement from the Fund on whether "the
court of last resort in the case finally modifies or reverses an appeals panel decision awarding
benefits. . . ." Act § 410.205(c). In its default judgment, the district court ordered, adjudged,
and declared that, among other things, Guerrero suffered no compensable injury, and overruled
the decision of the appeals panel. There is little dispute that the plain language of the statute
applies to the situation at hand and that TBIC has met the statutory requirements for
reimbursement. The dispute lies in whether the language of section 410.205(c) is mandatory and
binds the actions of the agency or allows for agency discretion.

 The Commission notes the omission of the word shall in section 410.205(c) and
seeks to establish its discretion to deny a reimbursement claim through reliance on the permissive
language of the statute that an insurance carrier "may recover reimbursement." (6) See Act
§ 410.205(c) (emphasis added). We disagree with this construction of the statute. In Woods v.
Littleton, 554 S.W.2d 662 (Tex. 1977), the supreme court was called upon to interpret the meaning
of the word "may" as used in section 17.50(b) of the Texas Deceptive Trade Practices Act, which
stated "each consumer who prevails may obtain" enumerated remedies, including treble damages. 
See Woods, 554 S.W.2d at 668 (emphasis in Woods). The defendants argued that the permissive
"may" gave the trial court discretion to award a range of damages up to and including treble
damages. The supreme court disagreed, stating:


'May' as used in the introductory phrase of section 17.50(b) has as its subject 'each
consumer'; therefore, any discretion lies with the consumer. Merely because the
statute uses the permissive 'may' with respect to the consumer is not tantamount
to saying that the trial court 'may' determine whether treble damages are awarded.



Id. at 669. Similarly, the permissive may in this instance has as its subject "insurance carrier," and
thus creates discretion in the insurance carrier, not the Commission. Should the carrier choose to
exercise this discretion to recover reimbursement, the statute mandates that the Commission
comply. The Commission notes that the legislature has subsequently amended the Act to coincide
with its interpretation that modifications of awards based upon default judgments are not due
reimbursement. See Act § 410.257(e) (West Supp. 1999). Although we recognize that the
legislative amendment to section 410.257(e) seemingly ratifies the agency's position, as mentioned,
section 410.257(e) does not control this dispute. Furthermore, even section 410.257(e) does not
grant to the Commission the discretion to fail to comply with statutory requirements; it merely
limits the situations in which reimbursements are justified. See id. We hold that the language of
section 410.205(c) is mandatory, and the Commission does not have the discretion to deny TBIC's
claim for reimbursement. We overrule the Commission's second issue.


Attorney's Fees

 The Commission's final issue challenges the trial court's award of attorney's fees,
which we review under an abuse of discretion standard. See Oake v. Collin County, 692 S.W.2d
454, 455 (Tex. 1985). The Commission recognizes that the UDJA authorizes attorney's fees in
some situations, (7) but argues that this authorization applies only in suits challenging the validity of
statutes or ordinances, not in suits seeking enforcement of those statutes or ordinances. The
Commission relies on language in Texas Education Agency v. Leeper, 893 S.W.2d 432 (Tex. 1994)
for this proposition:


The [U]DJA expressly provides that persons may challenge ordinances or statutes
and that governmental entities must be joined or notified. Governmental entities
joined as parties may be bound by a court's declaration on their ordinances or
statutes. The [UDJA] thus contemplates that governmental entities may
be--indeed, must be--joined in suits to construe their legislative pronouncements. 
These provisions provide the context for the [UDJA's] authorization, in § 37.009,
of attorney fee awards. We conclude that by authorizing declaratory judgment
actions to construe the legislative enactments of governmental entities and
authorizing awards of attorney fees, the [U]DJA necessarily waives governmental
immunity for such awards.



Leeper, 893 S.W.2d at 446 (emphasis added). Because TBIC seeks only a declaration enforcing
its right to reimbursement under the Act and does not challenge the statute itself, the Commission
contends that the UDJA does not waive sovereign immunity, and the award of attorney's fees is
barred.

 TBIC responds that the distinction relied upon by the Commission between
enforcement of a statute and a challenge to its validity lacks significance. TBIC notes that the
Leeper court failed to identify such a distinction; similarly, courts relying on Leeper have failed to
identify such a distinction. See, e.g., Bocquet v. Herring, 972 S.W.2d 19 (Tex. 1998); City of La
Porte v. Barfield, 898 S.W.2d 288 (Tex. 1995). TBIC sought a declaration that the Commission
lacked the discretion to deny its claim for reimbursement under the scheme devised by the
legislature. As such, the trial court was called upon to construe the statute. We fail to find the
distinction urged by the Commission significant and hold that the trial court did not abuse its
discretion in awarding attorney's fees under the UDJA. We overrule the issue.


CONCLUSION

 In setting up a legislative scheme to allow for reimbursement from the Fund
following modification or reversal by a district court of an appeals panel decision, the legislature
intended to waive sovereign immunity for suits to recover monies due under the statute. As a
result, section 410.205(c) waives sovereign immunity for purposes of this suit. The plain language
of the statute did not invest the Commission with the discretion to deny a claim for reimbursement
once the statutory requirements had been met by the applying insurance carrier. Furthermore, any
discretion found in the language of the statute applied to an insurance carrier, not the Commission. 
Thus, TBIC was due reimbursement under section 410.205(c) of the Texas Labor Code. Finally,
the trial court did not abuse its discretion in its award of attorney's fees under the UDJA.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 17, 1999

Publish
1. See Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws
1-122 (Tex. Labor Code Ann. Subtitle A, since amended). Unless otherwise specified, when
citing to the "Act," we refer to the language of the 1989 Workers' Compensation Act.
2. The district court's default judgment stated in relevant part:


The Court has read the pleadings and the papers on file, and is of the opinion that
defendant Amador M. Guerrero has by his default admitted the allegations of the
plaintiff's petition. . . .


 IT IS THEREFORE ORDERED, ADJUDGED, AND DECLARED that
defendant, Amador M. Guerrero did not have good cause, as defined under the law,
for his late notification of injury to his employer, J.H. Strain & Sons, Inc., and
failed to make a timely claim for benefits with the Texas Workers' Compensation
Commission.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that the
injury, if any, suffered by Amador M. Guerrero was not a compensable injury as
defined under the Texas Labor Code.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that the
ruling of the Appeals Panel of the Texas Workers' Compensation Commission in
appeal No. 941756 is OVERRULED to the extent that it conflicts with this
judgment.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that
Amador M. Guerrero take nothing from TBIC in this cause.
3. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 1997).
4. See Tex. Gov't Code Ann. §§ 2001.001, .038 (West Supp. 1999). 
5. Interestingly, the difficulty of an injured worker in finding legal representation under the
new workers' compensation scheme was one of the arguments raised in a suit seeking to block the
Act as unconstitutional. See Texas Workers' Compensation Comm'n v. Garcia, 862 S.W.2d 61,
98 (Tex. App.--San Antonio 1993), rev'd, 893 S.W.2d 504 (Tex. 1995). In finding the Act in
violation of the constitutional guarantee of due course of law, the San Antonio court stated that
because of "the complex process of hearings before the commission, and the myriad possibilities
of waiver of vital issues at each step of the process, the average worker, untrained in law and
medicine, is well-advised to enter the labyrinth only if accompanied by an attorney. And yet the
Act, as written, discourages participation of attorneys representing injured workers, while it does
not discourage representation of attorneys representing carriers and employers." Id. The supreme
court reversed the San Antonio court on a number of grounds, including this finding that the Act
worked to deprive injured workers of due course of law, stating that "Nothing in the record
establishes that the fee limitations are so egregious that they will result in a claimant being denied
needed legal representation." Texas Workers' Compensation Comm'n v. Garcia, 893 S.W.2d 504,
533 (Tex. 1995).
6. The Commission reinforces this argument with a comparison to section 410.032(b), which
provides:


The subsequent injury fund shall reimburse an insurance carrier for any
overpayments of benefits made under an order entered [by a Benefit Review Officer
at a Benefit Review Conference] under this section if that order is reversed or
modified at a contested case or at arbitration. . . .


Act § 410.032(b) (emphasis added).
7. See Tex. Civ. Prac. & Rem. Code § 37.009 (West 1997).



el decision, the legislature
intended to waive sovereign immunity for suits to recover monies due under the statute. As a
result, section 410.205(c) waives sovereign immunity for purposes of this suit. The plain language
of the statute did not invest the Commission with the discretion to deny a claim for reimbursement
once the statutory requirements had been met by the applying insurance carrier. Furthermore, any
discretion found in the language of the statute applied to an insurance carrier, not the Commission. 
Thus, TBIC was due reimbursement under section 410.205(c) of the Texas Labor Code. Finally,
the trial court did not abuse its discretion in its award of attorney's fees under the UDJA.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 17, 1999

Publish
1. See Texas Workers' Compensation Act, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws
1-122 (Tex. Labor Code Ann. Subtitle A, since amended). Unless otherwise specified, when
citing to the "Act," we refer to the language of the 1989 Workers' Compensation Act.
2. The district court's default judgment stated in relevant part:


The Court has read the pleadings and the papers on file, and is of the opinion that
defendant Amador M. Guerrero has by his default admitted the allegations of the
plaintiff's petition. . . .


 IT IS THEREFORE ORDERED, ADJUDGED, AND DECLARED that
defendant, Amador M. Guerrero did not have good cause, as defined under the law,
for his late notification of injury to his employer, J.H. Strain & Sons, Inc., and
failed to make a timely claim for benefits with the Texas Workers' Compensation
Commission.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that the
injury, if any, suffered by Amador M. Guerrero was not a compensable injury as
defined under the Texas Labor Code.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that the
ruling of the Appeals Panel of the Texas Workers' Compensation Commission in
appeal No. 941756 is OVERRULED to the extent that it conflicts with this
judgment.


 IT IS FURTHER ORDERED, ADJUDGED, AND DECLARED that
Amador M. Guerrero take nothing from TBIC in this cause.
3. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 1997).
4. See Tex. Gov't Code Ann. §§ 2001.001, .038 (West Supp. 1999). 
5. Interestingly, the difficulty of an injured worker in finding legal representation under the
new workers' compensation scheme was one of the arguments raised in a suit seeking to block the
Act as unconstitutional. See Texas Workers' Compensation Comm'n v. Garcia, 862 S.W.2d 61,
98 (Tex. App.--San Antonio 1993), rev'd, 893 S.W.2d 504 (Tex. 1995). In finding the Act in
violation of the constitutional guarantee of due course of law, the San Antonio court stated that
because of "the complex process of hearings before the commission, and the myriad possibilities
of waiver of vital issues at each step of the process, the average worker, untrained in law and
medicine, is well-advised to enter the labyrinth only if accompanied by an attorney. And yet the
Act, as written, discourages participation of attorneys representing injured workers, while it does
not discourage representation of attorneys representing carriers and employers." Id. The supreme
court reversed the San Antonio court on a number of grounds, including this finding that the Act