# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00631-CV

**Everest National Insurance Company, Appellant**

**v.**

**Texas Workers= Compensation Commission; Subsequent Injury Fund; Leonard W. Riley, Jr. in his Official Capacity as Director of Texas Workers= Compensation Commission; and John Casseb, in his Official Capacity as Administrator of Subsequent Injury Fund, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. GN003433, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Everest National Insurance Company (Everest) paid workers= compensation benefits to two injured employees[1] pursuant to orders issued by hearing officers of the Texas Workers= Compensation Commission. The Commission=s appeals panel subsequently affirmed the orders.[2] Everest appealed the panel=s decisions in district court and succeeded in having both decisions reversed. Having done so, Everest requested reimbursement of all overpaid benefits as authorized by former sections 410.032(b) and 410.205(c) of the Workers= Compensation Act, which provides for reimbursement from

---

[1] Everest seeks reimbursement for overpayments made in two unrelated cases, one involving Michael P. Lee and another involving Janette Wilkerson.

[2] In the Lee case, the appeals panel failed to timely issue a written decision. Accordingly, the hearing officer=s decision became that of the appeals panel. *See* Tex. Lab. Code Ann. ' 410.204(c) (West Supp. 2002).

the Subsequent Injury Fund (the Fund) after an interlocutory order awarding benefits is finally modified or reversed.[3] The administrator of the Fund denied a portion of the requested amount because it represented payments made between the hearing officer=s decision and the appeals panel decision.[4]

Everest filed a third suit in district court seeking declaratory judgments under the Administrative Procedure Act (APA) and the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Gov=t Code Ann. ' 2001.038 (West 2000); Tex. Civ. Prac. & Rem. Code Ann. '' 37.001-.011 (West 1997 & Supp. 2002). Relying on prior decisions from this Court, Everest moved for summary judgment, asserting its rights to pursue a direct action to enforce what it alleged was the Commission=s statutory duty to provide reimbursement and to obtain a declaratory judgment that the statute entitled Everest to reimbursement. *See Vanliner Ins. Co. v. Texas Workers=Comp. Comm=n*, 999 S.W.2d 575, 579 (Tex.

---

[3] *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, ' 1, 1993 Tex. Gen. Laws 987, 1209 *amended*, Act of May 19, 1999, 76th Leg., R.S., ch. 955, ' 4, 1999 Tex. Gen. Laws 3696, 3697 (formerly section 410.205(c) of the labor code); Act of May 12, 1993, 73d Leg., R.S., ch. 269, ' 1, 1993 Tex. Gen. Laws 987, 1202, *amended*, Act of May 19, 1999, 76th Leg., R.S., ch. 955, ' 2, 1999 Tex. Gen. Laws 3696, 3697 (formerly section 410.032(b) of the labor code). We will refer to former sections 410.032(b) and 410.205(c) throughout this opinion as both provide the substantive law that governs Everest=s suit.

[4] We note that Everest also seeks reimbursement for overpayment made pursuant to an interlocutory order issued after a benefit review conference in the Wilkerson case.

2

App.CAustin 1999, no pet.) (holding insurance carrier entitled to writ of mandamus to compel reimbursement pursuant to former section 410.032(b)); *Texas Workers= Comp. Comm=n v. Texas Builders Ins. Co.*, 994 S.W.2d 902, 907 (Tex. App.CAustin 1999, pet. denied) (holding that carrier is authorized to bring direct suit to recover reimbursement due under former section 410.205(c)). Everest also requested judicial review of the agency=s decisions, asserting that they were arbitrary and capricious or in violation of law.

The response of the Commission and other State defendants (collectively Athe Commission@) ignored Everest=s claim for declaratory relief under the UDJA; instead, the Commission focused on Everest=s request for judicial review. The Commission asserted that the court lacked subject-matter jurisdiction to review the agency=s action because Everest had failed to pursue its administrative remedies as required by section 401.021 of the Workers= Compensation Act.[5] After a hearing on the motion, the district court ruled that Everest=s failure to exhaust administrative remedies deprived the court of subject-matter jurisdiction over the suit.[6] We hold that the district court erred in dismissing Everest=s suit for declaratory relief under the UDJA to enforce its alleged reimbursement claims pursuant to former sections 410.205(c) and 410.032(b).

---

[5] The defendants also filed an amended original answer in which they asserted a plea to the jurisdiction on the same ground.

[6] Although the court=s order is styled AOrder on Plaintiff=s Motion for Summary Judgment@ and does not expressly state that it is an order of dismissal, the parties treat it as dismissing the cause.

**DISCUSSION**

*Standard of Review*

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass=n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). On appeal from the judgment of dismissal, we are obliged to take as true the allegations in Everest=s petition and construe them favorably to its position. *See id.* at 446; *Novak v. M.D. Anderson Cancer Ctr.*, 50 S.W.3d 512, 516 (Tex. App.CAustin 2000), *rev=d on other grounds*, 52 S.W.3d 704, 711 (Tex. 2001).

*The Underlying Dispute*

The underlying dispute in this appeal primarily concerns what has been termed the Areimbursement gap.@ The Workers= Compensation Act establishes a four-tiered system for the determination of claims. *See Texas Builders*, 994 S.W.2d at 903; *Texas Workers=Comp. Comm=n v. City of Bridge City*, 900 S.W.2d 411, 412 (Tex. App.CAustin 1995, writ denied). Subchapter B provides first for the informal resolution of claims through a non-adversarial conference conducted by a Abenefit review officer@ who may render an interlocutory order determining whether benefits are to be paid. This informal conference is a prerequisite to any further proceeding toward resolution of the claim. *See* Tex. Lab. Code Ann. '' 410.021-.024, 410.032 (West 1996 & Supp. 2002). If issues remain unresolved after the conference, the parties may agree to resolve the claim by arbitration under Subchapter C; failing agreement in that regard, a party may elect to determine the claim by a contested-case proceeding under the

4

provisions of Subchapter D.  *Id.* '' 410.101-.121 (arbitration), 410.151-.169 (contested case) (West 1996 & Supp. 2002).  The third tier is established in Subchapter E, which provides for an administrative appeal from the hearing officer=s contested-case decision to an appeals panel.  *Id.* '' 410.201-.209 (West 1996 & Supp. 2002).  Review outside the Commission is authorized in Subchapter F, establishing a cause of action for judicial review of the appeals-panel decision or the hearing officer=s decision if the appeals panel fails timely to render a decision.  *Id.* '' 410.251-.258 (judicial review), 410.204 (decision) (West 1996 & Supp. 2002).

The insurance carrier must immediately commence making payments pursuant to an interlocutory order, but it is entitled to reimbursement if the order is modified or overturned.  *Id.* '' 410.032 (payment of benefits under interlocutory order), .209 (reimbursement for overpayment) (West Supp. 2002).  At the time that Everest=s claims arose, however, the full extent of a carrier=s ability to recoup overpayments was subject to some confusion because two different provisions addressed reimbursement. Section 410.032(b) specifically provided for reimbursement of benefits paid pursuant to a benefit review officer=s order that was later reversed or modified at a contested case hearing or at arbitration.  Former section 410.205(c) addressed reimbursement of overpayments made pursuant to an appeals panel decision that was subsequently modified or reversed by a court of last resort.  There was no express provision addressing the circumstances in issue here, where a carrier that was ordered to pay benefits by a hearing officer and then by the appeals panel subsequently obtained a district-court judgment reversing and setting aside the appeals panel=s final order.  Although the statute did not expressly authorize the Commission to omit reimbursement for benefits paid between the contested case hearing and the appeals panel decision,

**5**

the Commission has interpreted the statute=s silence as creating a Agap,@ and the Fund has declined to reimburse the carrier for payments made during this period as it did on Everest=s two claims here. *See, e.g.*, *City of Bridge City*, 900 S.W.2d at 413.

### *Jurisdiction*

In bringing its direct action, Everest relied on this Court=s decisions holding that the reimbursement scheme established by statute is mandatory and that the Commission=s failure to comply may be enforced by a direct suit for declaratory relief under the UDJA. *See Texas Builders*, 994 S.W.2d at 907, 909. Texas Builders sought a declaratory judgment that section 410.205(c) required reimbursement of overpayments after Texas Builders obtained a judgment overturning the final decision by the appeals panel and that the Fund had no discretion under the statute to deny the claim. *Id.* at 905. Our holding in *Texas Builders* is clear authority for Everest=s suit. In that case, the carrier obtained a declaratory judgment from the trial court that section 410.205(c) required the Fund to reimburse it for benefits it had paid. *Id.* On appeal, the Commission challenged the trial court=s jurisdiction, asserting *inter alia* that sovereign immunity barred the carrier=s declaratory action suit. *Id.*

In *Texas Builders*, the trial court had viewed the suit under section 410.205(c) as a direct suit, not as a request for judicial review. *See id.* at 906. This Court rejected the Commission=s argument that suit was barred by sovereign immunity and held that section 410.205(c) authorized a carrier to bring a direct action to enforce an alleged reimbursement claim. *Id.* at 906-07. We stated that the insurance company Amust be afforded the opportunity to prove the Commission=s interpretation violates the meaning of the statute@ and accordingly found that the Act waived the Commission=s immunity from suit and

**6**

Aauthorized a direct suit . . . *to recover monies owed under the statute*.@ *Id.* at 907 (emphasis added).

We also concluded that the plain language of the reimbursement provisions *required* the Fund to reimburse

carriers after a modification or reversal of an appeals panel decision and hence the Fund had no discretion

to deny a claim for reimbursement. *Id.* at 909. In light of our holding in *Texas Builders*, Everest was

entitled to maintain a direct suit in district court for a declaratory judgment regarding the Fund=s partial denial

of its reimbursement request, and the trial court erred in dismissing these claims.

Although Everest sought a declaratory judgment pursuant to section 2001.038 of the APA,

in addition to the UDJA, only the UDJA provides a vehicle for declaratory relief in this instance. Section

2001.038 of the APA authorizes a suit for declaratory judgment to determine Athe validity or applicability of

a rule@ and while Everest=s pleadings refer to the Commission=s Rules 116.11 and 116.12, Everest did not

seek to have the court determine either the validity or applicability of those rules. *See* Tex. Gov=t Code

Ann. ' 2001.038 (West 2000). Because Everest sought a determination regarding the effect of sections

410.032(b) and 410.205(c), the UDJA authorizes its suit for declaratory judgment pursuant to its

provisions. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 37.004 (West 1997) (authorizing suit to obtain

declaration regarding rights, status, or other legal relations affected by statute).

Moreover, Everest was not required to exhaust administrative remedies. The administrator

of the Fund not only denied Everest=s requests for reimbursement but affirmatively stated that the carrier had

no administrative remedies and no right to review: AThis is the final decision of the Fund. Decisions of the

Fund are not subject to further review by the Commission.@ In response to Everest=s direct suit in district

court, however, the Commission now maintains that the Fund=s reimbursement determinations *are* subject to

review, and contends for the first time that administrative remedies are available to a carrier and must be exhausted before the carrier may bring suit regarding a reimbursement claim. The Commission relies on Everest=s failure to exhaust these newly-afforded remedies to argue that the district court lacked jurisdiction to hear this direct suit. We reject that argument.

The Commission posits that Everest=s suit is governed by section 401.021 of the Workers= Compensation Act, which incorporates several provisions of the APA, including the requirement that a party first exhaust its administrative remedies before filing suit. *See* Tex. Lab. Code Ann. **'** 401.021 (West 1996). Section 401.021 of the Act provides that **Aa proceeding, hearing, judicial review, or enforcement of a commission order, decision, or rule is governed by@** the APA. *See id.* Section 2001.051 of the APA entitles a party in a contested case to an opportunity for a hearing; section 2001.058 contains provisions relating to contested-case hearings conducted by the State Office of Administrative Hearings (SOAH). *See* Tex. Gov=t Code Ann. **''** 2001.051, .058 (West 2000). The Commission then cites section 2001.171 of the APA, which states: AA person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.@ *Id.* **'** 2001.171. The Commission asserts that because the Workers= Compensation Act incorporates provisions that both afford claimants a SOAH hearing and require exhaustion of administrative remedies as a prerequisite to judicial review, a carrier must first initiate a SOAH hearing before filing suit to recover reimbursement pursuant to section 410.205(c).

In addition to its interpretation of the statute, the Commission points to its rules governing adjudicative hearings. *See* 28 Tex. Admin. Code **''** 148.1-.28 (2002) (Tex. Workers=Comp. Comm=n,

8

Hearings Conducted by the State Office of Administrative Hearings). Specifically, Rule 148.1 provides that the scope of chapter 148 applies to Aall hearings to adjudicate disputes arising under the Texas Workers= Compensation Act@ except for hearings related to benefit disputes. *Id.* ' 148.1. Rule 148.1 also expressly references the applicability of the APA provisions to hearings conducted pursuant to the rules. *Id.* ' 148.1(b).

Nothing in the statute or rules provides for a contested case hearing or any other review of the Fund=s denial of a claim for reimbursement after reversal of an interlocutory order. Furthermore, we note that the Commission=s interpretation that the Act requires a carrier to initiate a contested case hearing to challenge a denial of a reimbursement request is inconsistent with its prior position that there is no administrative remedy available to the carrier, as articulated to Everest in the letter denying its request for reimbursement. As the Commission=s counsel frankly conceded at oral argument before this Court, the interpretation advanced by the Commission in this appeal signals a departure from the agency=s previous position that decisions by the Fund are not subject to any kind of review. *See generally Texas Builders*, 994 S.W.2d at 906 (Commission=s argument that there is no right to review of decision not to reimburse carrier after decision of appeals panel has been reversed or modified). In light of the Commission=s long-standing interpretation that the Act provides no administrative remedies and no right of review for a denial of reimbursement, we are not persuaded by the contrary position that the agency has taken in this appeal. *See Texas Citrus Exch. v. Sharp*, 955 S.W.2d 164, 170 (Tex. App.CAustin 1997, no pet.) (agency interpretation that is long-standing and applied uniformly is entitled to greater deference); *Amarillo Indep. Sch. Dist. v. Meno*, 854 S.W.2d 950, 954 n.6 (Tex. App.CAustin 1993, writ denied) (degree of

**9**

deference to agency interpretation of ambiguous statute may become particularly great when it is one of long-standing and uniform application).

For its exhaustion theory, the Commission focuses solely on section 401.021, which is found in the AGeneral Provisions@ chapter and AMiscellaneous Provisions@ subchapter of the statute, rather than on the specific statutory provisions governing reimbursement claims.  Neither the specific section of the statute relating to requests for reimbursement, nor the specific Commission rules governing reimbursement procedures expressly affords the carrier a contested case hearing or any other administrative remedy.  *See* Tex. Lab. Code Ann. ' 410.205(c); 28 Tex. Admin. Code ' ' 116.11, .12 (2002) (Tex. Workers=Comp. Comm=n, General Provisions C Subsequent Injury Fund).  Furthermore, the concept of a contested case hearing is inconsistent with the type of dispute at issue here.

The Commission=s rules which specifically relate to reimbursement claims support this conclusion.  Rule 116.11 establishes the procedure for reimbursement requests filed with the Fund and requires the carrier to provide numerous documents, including Aa claim-specific summary of the reason the carrier is seeking reimbursement or refund@ and Aa detailed payment record.@ 28 Tex. Admin. Code ' 116.11(c)(1), (2).  In cases where reimbursement is sought for overpayment made pursuant to a modified or overturned decision or interlocutory order, the Rule also requires the carrier to submit Aa copy of the decision or interlocutory order@ and a copy of the final decision modifying or overturning the decision or interlocutory order, Acopies of all reports by the employer including, but not limited to, the Employer=s First Report of Injury, the Wage Statement, and all Supplemental Reports of Injury for overpayments of income benefits,@ and Aif an overpayment of medical benefits, copies of all medical bills and preauthorization request

forms associated with the overpayment for overpayment of medical benefits.@ *Id.* ' 116.11(c)(4) (A), (B), (C). Finally, the Rule states that the request shall include Aany other documentation reasonably required by the [Fund] to determine entitlement to reimbursement or payment from the [Fund] and the amount of reimbursement to which the carrier is entitled.@ *Id.* ' 116.11(c)(6).

The express provisions of the Rule indicate that a reimbursement request contemplates a documentary procedure as opposed to an adjudicative contested case hearing. *See* 1 Tex. Admin. Code ' 155.5(8) (2002) (State Office of Administrative Hearing, Rules of Procedure) (defining contested case as A[a] proceeding, including, but not restricted to, ratemaking and licensing, in which the legal rights, duties, or privileges of a party are to be determined by an agency after an opportunity for adjudicative hearing@). In addition, the underlying dispute in the instant caseCwhether the statute authorizes the Commission to withhold benefits paid during the Areimbursement gap@Cturns not on contested factual matters but on a purely legal issue. Therefore, an evidentiary hearing is inappropriate. For all of these reasons, we reject the Commission=s argument and hold that the statute does not require a carrier to initiate a contested case hearing to resolve reimbursement disputes.

Alternatively, the Commission asserts that our decision in *City of Bridge City* precludes Everest=s claims on the merits. The Commission takes the position that partial withholding by the Fund in this case was authorized by a decision of this Court. *See City of Bridge City*, 900 S.W.2d at 416. Our review of the trial court=s order of dismissal based on a plea to the jurisdiction is confined to the jurisdictional question. We note, however, that *City of Bridge City* involved a constitutional challenge to the statutory reimbursement scheme and did not directly address the legal issue which Everest asked the trial

**11**

court to determine in its suit for declaratory relief. *See id.* at 413. Furthermore, in addressing the constitutional issue framed by the parties, we made several assumptions regarding the interpretation of the statutory reimbursement provisions. *See id.*[7] In this cause, Everest challenges that statutory interpretation.

## CONCLUSION

---

[7] Recent legislative amendments, not in effect at the time this claim for reimbursement arose, make it clear that the legislature did not intend for there to be any omission in reimbursement. *See* Act of May 19, 1999, 76th Leg., R.S., ch. 955, ' 7, 1999 Tex. Gen. Laws 3696, 3697. Sections 410.032(b) and 410.205(c) have been deleted and a new section 410.209 has been added. *See* Act of May 19, 1999, 76th Leg., R.S., ch. 955, ' 5, 1999 Tex. Gen. Laws 3696, 3697 (now codified at Tex. Lab. Code Ann. ' 410.209 (West Supp. 2002)). Section 410.209 authorizes reimbursement for benefits paid by a carrier pursuant to *any* interlocutory order that is finally overturned:

> The subsequent injury fund shall reimburse an insurance carrier for *any* overpayments of benefits made under an interlocutory order or decision if that order or decision is reversed or modified by final arbitration, order, or decision of the commission *or* a court. The commission shall adopt rules to provide for a periodic reimbursement schedule, providing for reimbursement at least annually.

Tex. Lab. Code Ann. ' 410.209 (West Supp. 2002) (emphasis added).

**12**

We follow our holding in *Texas Builders* that a carrier is authorized to bring a direct suit for declaratory relief under the UDJA to enforce the Fund=s statutory obligation to reimburse overpayments made pursuant to interlocutory orders that are subsequently modified or reversed. We hold that the statute does not require a carrier to instigate a contested case hearing before seeking such declaratory relief. Everest did not fail to exhaust its administrative remedies because it had none. We hold that the trial court has jurisdiction to hear Everest=s direct suit for declaratory relief regarding the denial of its reimbursement claims. Therefore, we reverse the judgment of the trial court and remand this cause for consideration on the merits.

Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: June 21, 2002

Publish

13