TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00631-CV






Everest National Insurance Company, Appellant



v.



Texas Workers' Compensation Commission; Subsequent Injury Fund; Leonard W. Riley,


Jr. in his Official Capacity as Director of Texas Workers' Compensation


Commission; and John Casseb, in his Official Capacity as


Administrator of Subsequent Injury Fund, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. GN003433, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 Everest National Insurance Company (Everest) paid workers' compensation benefits
to two injured employees (1) pursuant to orders issued by hearing officers of the Texas Workers'
Compensation Commission. The Commission's appeals panel subsequently affirmed the orders. (2) 
Everest appealed the panel's decisions in district court and succeeded in having both decisions
reversed. Having done so, Everest requested reimbursement of all overpaid benefits as authorized
by former sections 410.032(b) and 410.205(c) of the Workers' Compensation Act, which provides
for reimbursement from the Subsequent Injury Fund (the Fund) after an interlocutory order awarding
benefits is finally modified or reversed. (3) The administrator of the Fund denied a portion of the
requested amount because it represented payments made between the hearing officer's decision and
the appeals panel decision. (4)

 Everest filed a third suit in district court seeking declaratory judgments under the
Administrative Procedure Act (APA) and the Uniform Declaratory Judgments Act (UDJA). See
Tex. Gov't Code Ann. § 2001.038 (West 2000); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011
(West 1997 & Supp. 2002). Relying on prior decisions from this Court, Everest moved for summary
judgment, asserting its rights to pursue a direct action to enforce what it alleged was the
Commission's statutory duty to provide reimbursement and to obtain a declaratory judgment that the
statute entitled Everest to reimbursement. See Vanliner Ins. Co. v. Texas Workers' Comp. Comm'n,
999 S.W.2d 575, 579 (Tex. App.--Austin 1999, no pet.) (holding insurance carrier entitled to writ
of mandamus to compel reimbursement pursuant to former section 410.032(b)); Texas Workers'
Comp. Comm'n v. Texas Builders Ins. Co., 994 S.W.2d 902, 907 (Tex. App.--Austin 1999, pet.
denied) (holding that carrier is authorized to bring direct suit to recover reimbursement due under
former section 410.205(c)). Everest also requested judicial review of the agency's decisions,
asserting that they were arbitrary and capricious or in violation of law.

 The response of the Commission and other State defendants (collectively "the
Commission") ignored Everest's claim for declaratory relief under the UDJA; instead, the
Commission focused on Everest's request for judicial review. The Commission asserted that the
court lacked subject-matter jurisdiction to review the agency's action because Everest had failed to
pursue its administrative remedies as required by section 401.021 of the Workers' Compensation
Act. (5) After a hearing on the motion, the district court ruled that Everest's failure to exhaust
administrative remedies deprived the court of subject-matter jurisdiction over the suit. (6) We hold that
the district court erred in dismissing Everest's suit for declaratory relief under the UDJA to enforce
its alleged reimbursement claims pursuant to former sections 410.205(c) and 410.032(b).


DISCUSSION



Standard of Review

 Subject-matter jurisdiction is essential to the authority of a court to decide a case.
Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). On appeal from
the judgment of dismissal, we are obliged to take as true the allegations in Everest's petition and
construe them favorably to its position. See id. at 446; Novak v. M.D. Anderson Cancer Ctr., 50
S.W.3d 512, 516 (Tex. App.--Austin 2000), rev'd on other grounds, 52 S.W.3d 704, 711 (Tex.
2001). 


The Underlying Dispute

 The underlying dispute in this appeal primarily concerns what has been termed the
"reimbursement gap." The Workers' Compensation Act establishes a four-tiered system for the
determination of claims. See Texas Builders, 994 S.W.2d at 903; Texas Workers' Comp. Comm'n
v. City of Bridge City, 900 S.W.2d 411, 412 (Tex. App.--Austin 1995, writ denied). Subchapter B
provides first for the informal resolution of claims through a non-adversarial conference conducted
by a "benefit review officer" who may render an interlocutory order determining whether benefits
are to be paid. This informal conference is a prerequisite to any further proceeding toward resolution
of the claim. See Tex. Lab. Code Ann. §§ 410.021-.024, 410.032 (West 1996 & Supp. 2002). If
issues remain unresolved after the conference, the parties may agree to resolve the claim by
arbitration under Subchapter C; failing agreement in that regard, a party may elect to determine the
claim by a contested-case proceeding under the provisions of Subchapter D. Id. §§ 410.101-.121
(arbitration), 410.151-.169 (contested case) (West 1996 & Supp. 2002). The third tier is established
in Subchapter E, which provides for an administrative appeal from the hearing officer's contested-case decision to an appeals panel. Id. §§ 410.201-.209 (West 1996 & Supp. 2002). Review outside
the Commission is authorized in Subchapter F, establishing a cause of action for judicial review of
the appeals-panel decision or the hearing officer's decision if the appeals panel fails timely to render
a decision. Id. §§ 410.251-.258 (judicial review), 410.204 (decision) (West 1996 & Supp. 2002).

 The insurance carrier must immediately commence making payments pursuant to an
interlocutory order, but it is entitled to reimbursement if the order is modified or overturned. Id.
§§ 410.032 (payment of benefits under interlocutory order), .209 (reimbursement for overpayment)
(West Supp. 2002). At the time that Everest's claims arose, however, the full extent of a carrier's
ability to recoup overpayments was subject to some confusion because two different provisions
addressed reimbursement. Section 410.032(b) specifically provided for reimbursement of benefits
paid pursuant to a benefit review officer's order that was later reversed or modified at a contested
case hearing or at arbitration. Former section 410.205(c) addressed reimbursement of overpayments
made pursuant to an appeals panel decision that was subsequently modified or reversed by a court
of last resort. There was no express provision addressing the circumstances in issue here, where a
carrier that was ordered to pay benefits by a hearing officer and then by the appeals panel
subsequently obtained a district-court judgment reversing and setting aside the appeals panel's final
order. Although the statute did not expressly authorize the Commission to omit reimbursement for
benefits paid between the contested case hearing and the appeals panel decision, the Commission
has interpreted the statute's silence as creating a "gap," and the Fund has declined to reimburse the
carrier for payments made during this period as it did on Everest's two claims here. See, e.g., City
of Bridge City, 900 S.W.2d at 413.


Jurisdiction

 In bringing its direct action, Everest relied on this Court's decisions holding that the
reimbursement scheme established by statute is mandatory and that the Commission's failure to
comply may be enforced by a direct suit for declaratory relief under the UDJA. See Texas Builders,
994 S.W.2d at 907, 909. Texas Builders sought a declaratory judgment that section 410.205(c)
required reimbursement of overpayments after Texas Builders obtained a judgment overturning the
final decision by the appeals panel and that the Fund had no discretion under the statute to deny the
claim. Id. at 905. Our holding in Texas Builders is clear authority for Everest's suit. In that case,
the carrier obtained a declaratory judgment from the trial court that section 410.205(c) required the
Fund to reimburse it for benefits it had paid. Id. On appeal, the Commission challenged the trial
court's jurisdiction, asserting inter alia that sovereign immunity barred the carrier's declaratory
action suit. Id. 

 In Texas Builders, the trial court had viewed the suit under section 410.205(c) as a
direct suit, not as a request for judicial review. See id. at 906. This Court rejected the Commission's
argument that suit was barred by sovereign immunity and held that section 410.205(c) authorized
a carrier to bring a direct action to enforce an alleged reimbursement claim. Id. at 906-07. We stated
that the insurance company "must be afforded the opportunity to prove the Commission's
interpretation violates the meaning of the statute" and accordingly found that the Act waived the
Commission's immunity from suit and "authorized a direct suit . . . to recover monies owed under
the statute." Id. at 907 (emphasis added). We also concluded that the plain language of the
reimbursement provisions required the Fund to reimburse carriers after a modification or reversal
of an appeals panel decision and hence the Fund had no discretion to deny a claim for
reimbursement. Id. at 909. In light of our holding in Texas Builders, Everest was entitled to
maintain a direct suit in district court for a declaratory judgment regarding the Fund's partial denial
of its reimbursement request, and the trial court erred in dismissing these claims.

 Although Everest sought a declaratory judgment pursuant to section 2001.038 of the
APA, in addition to the UDJA, only the UDJA provides a vehicle for declaratory relief in this
instance. Section 2001.038 of the APA authorizes a suit for declaratory judgment to determine "the
validity or applicability of a rule" and while Everest's pleadings refer to the Commission's Rules
116.11 and 116.12, Everest did not seek to have the court determine either the validity or
applicability of those rules. See Tex. Gov't Code Ann. § 2001.038 (West 2000). Because Everest
sought a determination regarding the effect of sections 410.032(b) and 410.205(c), the UDJA
authorizes its suit for declaratory judgment pursuant to its provisions. See Tex. Civ. Prac. & Rem.
Code Ann. § 37.004 (West 1997) (authorizing suit to obtain declaration regarding rights, status, or
other legal relations affected by statute).

 Moreover, Everest was not required to exhaust administrative remedies. The
administrator of the Fund not only denied Everest's requests for reimbursement but affirmatively
stated that the carrier had no administrative remedies and no right to review: "This is the final
decision of the Fund. Decisions of the Fund are not subject to further review by the Commission." 
In response to Everest's direct suit in district court, however, the Commission now maintains that
the Fund's reimbursement determinations are subject to review, and contends for the first time that
administrative remedies are available to a carrier and must be exhausted before the carrier may bring
suit regarding a reimbursement claim. The Commission relies on Everest's failure to exhaust these
newly-afforded remedies to argue that the district court lacked jurisdiction to hear this direct suit. 
We reject that argument.

 The Commission posits that Everest's suit is governed by section 401.021 of the
Workers' Compensation Act, which incorporates several provisions of the APA, including the
requirement that a party first exhaust its administrative remedies before filing suit. See Tex. Lab.
Code Ann. § 401.021 (West 1996). Section 401.021 of the Act provides that "a proceeding, hearing,
judicial review, or enforcement of a commission order, decision, or rule is governed by" the APA. 
See id. Section 2001.051 of the APA entitles a party in a contested case to an opportunity for a
hearing; section 2001.058 contains provisions relating to contested-case hearings conducted by the
State Office of Administrative Hearings (SOAH). See Tex. Gov't Code Ann. §§ 2001.051, .058
(West 2000). The Commission then cites section 2001.171 of the APA, which states: "A person who
has exhausted all administrative remedies available within a state agency and who is aggrieved by
a final decision in a contested case is entitled to judicial review under this chapter." Id. § 2001.171. 
The Commission asserts that because the Workers' Compensation Act incorporates provisions that
both afford claimants a SOAH hearing and require exhaustion of administrative remedies as a
prerequisite to judicial review, a carrier must first initiate a SOAH hearing before filing suit to
recover reimbursement pursuant to section 410.205(c).

 In addition to its interpretation of the statute, the Commission points to its rules
governing adjudicative hearings. See 28 Tex. Admin. Code §§ 148.1-.28 (2002) (Tex. Workers'
Comp. Comm'n, Hearings Conducted by the State Office of Administrative Hearings). Specifically,
Rule 148.1 provides that the scope of chapter 148 applies to "all hearings to adjudicate disputes
arising under the Texas Workers' Compensation Act" except for hearings related to benefit disputes. 
Id. § 148.1. Rule 148.1 also expressly references the applicability of the APA provisions to hearings
conducted pursuant to the rules. Id. § 148.1(b).

 Nothing in the statute or rules provides for a contested case hearing or any other
review of the Fund's denial of a claim for reimbursement after reversal of an interlocutory order. 
Furthermore, we note that the Commission's interpretation that the Act requires a carrier to initiate
a contested case hearing to challenge a denial of a reimbursement request is inconsistent with its
prior position that there is no administrative remedy available to the carrier, as articulated to Everest
in the letter denying its request for reimbursement. As the Commission's counsel frankly conceded
at oral argument before this Court, the interpretation advanced by the Commission in this appeal
signals a departure from the agency's previous position that decisions by the Fund are not subject
to any kind of review. See generally Texas Builders, 994 S.W.2d at 906 (Commission's argument
that there is no right to review of decision not to reimburse carrier after decision of appeals panel has
been reversed or modified). In light of the Commission's long-standing interpretation that the Act
provides no administrative remedies and no right of review for a denial of reimbursement, we are
not persuaded by the contrary position that the agency has taken in this appeal. See Texas Citrus
Exch. v. Sharp, 955 S.W.2d 164, 170 (Tex. App.--Austin 1997, no pet.) (agency interpretation that
is long-standing and applied uniformly is entitled to greater deference); Amarillo Indep. Sch. Dist.
v. Meno, 854 S.W.2d 950, 954 n.6 (Tex. App.--Austin 1993, writ denied) (degree of deference to
agency interpretation of ambiguous statute may become particularly great when it is one of long-standing and uniform application).

 For its exhaustion theory, the Commission focuses solely on section 401.021, which
is found in the "General Provisions" chapter and "Miscellaneous Provisions" subchapter of the
statute, rather than on the specific statutory provisions governing reimbursement claims. Neither the
specific section of the statute relating to requests for reimbursement, nor the specific Commission
rules governing reimbursement procedures expressly affords the carrier a contested case hearing or
any other administrative remedy. See Tex. Lab. Code Ann. § 410.205(c); 28 Tex. Admin. Code
§§ 116.11, .12 (2002) (Tex. Workers' Comp. Comm'n, General Provisions--Subsequent Injury
Fund). Furthermore, the concept of a contested case hearing is inconsistent with the type of dispute
at issue here.

 The Commission's rules which specifically relate to reimbursement claims support
this conclusion. Rule 116.11 establishes the procedure for reimbursement requests filed with the
Fund and requires the carrier to provide numerous documents, including "a claim-specific summary
of the reason the carrier is seeking reimbursement or refund" and "a detailed payment record." 28
Tex. Admin. Code § 116.11(c)(1), (2). In cases where reimbursement is sought for overpayment
made pursuant to a modified or overturned decision or interlocutory order, the Rule also requires the
carrier to submit "a copy of the decision or interlocutory order" and a copy of the final decision
modifying or overturning the decision or interlocutory order, "copies of all reports by the employer
including, but not limited to, the Employer's First Report of Injury, the Wage Statement, and all
Supplemental Reports of Injury for overpayments of income benefits," and "if an overpayment of
medical benefits, copies of all medical bills and preauthorization request forms associated with the
overpayment for overpayment of medical benefits." Id. § 116.11(c)(4) (A), (B), (C). Finally, the
Rule states that the request shall include "any other documentation reasonably required by the [Fund]
to determine entitlement to reimbursement or payment from the [Fund] and the amount of
reimbursement to which the carrier is entitled." Id. § 116.11(c)(6).

 The express provisions of the Rule indicate that a reimbursement request
contemplates a documentary procedure as opposed to an adjudicative contested case hearing. See
1 Tex. Admin. Code § 155.5(8) (2002) (State Office of Administrative Hearing, Rules of Procedure)
(defining contested case as "[a] proceeding, including, but not restricted to, ratemaking and
licensing, in which the legal rights, duties, or privileges of a party are to be determined by an agency
after an opportunity for adjudicative hearing"). In addition, the underlying dispute in the instant
case--whether the statute authorizes the Commission to withhold benefits paid during the
"reimbursement gap"--turns not on contested factual matters but on a purely legal issue. Therefore,
an evidentiary hearing is inappropriate. For all of these reasons, we reject the Commission's
argument and hold that the statute does not require a carrier to initiate a contested case hearing to
resolve reimbursement disputes.

 Alternatively, the Commission asserts that our decision in City of Bridge City
precludes Everest's claims on the merits. The Commission takes the position that partial
withholding by the Fund in this case was authorized by a decision of this Court. See City of Bridge
City, 900 S.W.2d at 416. Our review of the trial court's order of dismissal based on a plea to the
jurisdiction is confined to the jurisdictional question. We note, however, that City of Bridge City
involved a constitutional challenge to the statutory reimbursement scheme and did not directly
address the legal issue which Everest asked the trial court to determine in its suit for declaratory
relief. See id. at 413. Furthermore, in addressing the constitutional issue framed by the parties, we
made several assumptions regarding the interpretation of the statutory reimbursement provisions. 
See id. (7) In this cause, Everest challenges that statutory interpretation. 

CONCLUSION

 We follow our holding in Texas Builders that a carrier is authorized to bring a direct
suit for declaratory relief under the UDJA to enforce the Fund's statutory obligation to reimburse
overpayments made pursuant to interlocutory orders that are subsequently modified or reversed. We 
hold that the statute does not require a carrier to instigate a contested case hearing before seeking
such declaratory relief. Everest did not fail to exhaust its administrative remedies because it had
none. We hold that the trial court has jurisdiction to hear Everest's direct suit for declaratory relief
regarding the denial of its reimbursement claims. Therefore, we reverse the judgment of the trial
court and remand this cause for consideration on the merits. 



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: June 21, 2002

Publish
1.   Everest seeks reimbursement for overpayments made in two unrelated cases, one involving 
Michael P. Lee and another involving Janette Wilkerson.
2.   In the Lee case, the appeals panel failed to timely issue a written decision. Accordingly,
the hearing officer's decision became that of the appeals panel. See Tex. Lab. Code Ann.
§ 410.204(c) (West Supp. 2002).
3.   See Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209
amended, Act of May 19, 1999, 76th Leg., R.S., ch. 955, § 4, 1999 Tex. Gen. Laws 3696, 3697
(formerly section 410.205(c) of the labor code); Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1,
1993 Tex. Gen. Laws 987, 1202, amended, Act of May 19, 1999, 76th Leg., R.S., ch. 955, § 2, 1999
Tex. Gen. Laws 3696, 3697 (formerly section 410.032(b) of the labor code). We will refer to former
sections 410.032(b) and 410.205(c) throughout this opinion as both provide the substantive law that
governs Everest's suit. 
4.   We note that Everest also seeks reimbursement for overpayment made pursuant to an
interlocutory order issued after a benefit review conference in the Wilkerson case. 
5.   The defendants also filed an amended original answer in which they asserted a plea to the
jurisdiction on the same ground.
6.   Although the court's order is styled "Order on Plaintiff's Motion for Summary Judgment"
and does not expressly state that it is an order of dismissal, the parties treat it as dismissing the cause.
7.   Recent legislative amendments, not in effect at the time this claim for reimbursement arose,
make it clear that the legislature did not intend for there to be any omission in reimbursement. See
Act of May 19, 1999, 76th Leg., R.S., ch. 955, § 7, 1999 Tex. Gen. Laws 3696, 3697. Sections
410.032(b) and 410.205(c) have been deleted and a new section 410.209 has been added. See Act
of May 19, 1999, 76th Leg., R.S., ch. 955, § 5, 1999 Tex. Gen. Laws 3696, 3697 (now codified at
Tex. Lab. Code Ann. § 410.209 (West Supp. 2002)). Section 410.209 authorizes reimbursement for
benefits paid by a carrier pursuant to any interlocutory order that is finally overturned:


The subsequent injury fund shall reimburse an insurance carrier for any
overpayments of benefits made under an interlocutory order or decision if that
order or decision is reversed or modified by final arbitration, order, or decision
of the commission or a court. The commission shall adopt rules to provide for
a periodic reimbursement schedule, providing for reimbursement at least
annually.


Tex. Lab. Code Ann. § 410.209 (West Supp. 2002) (emphasis added).