

NUMBER 13-10-00470-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LUMBERMENS MUTUAL CASUALTY                                          Appellant,
COMPANY,

v.

NOE PORTILLO,                                                               Appellee.

On appeal from the 398th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

This appeal arises out of the judicial review of a workers' compensation decision

regarding the proper impairment rating for appellee, Noe Portillo. *See* TEX. LAB. CODE

ANN. § 410.251 (West 2006). Appellant, Lumbermens Mutual Casualty Company

("Lumbermens"), sought to overturn a decision of the appeals panel of the Texas

Workers' Compensation Commission, now known as the Texas Department of Insurance, Division of Workers' Compensation ("the Division"). The trial court granted Portillo's plea to the jurisdiction and dismissed the case for lack of subject matter jurisdiction. On appeal, Lumbermens argues by three issues that the trial court erred. We reverse and remand.

## I. BACKGROUND

Portillo suffered a work-related lumbar spinal injury on July 26, 2001, and he sought workers' compensation benefits. After reaching maximum medical improvement ("MMI"),[1] Portillo was assigned an impairment rating[2] of twenty percent by the contested case hearing officer of the Division. *See id.* § 408.122. The Division's appeals panel affirmed the decision of the hearing officer. See *id.* § 410.203 (West 2006). Lumbermens, after paying benefits to Portillo pursuant to the Division's ruling, then filed the instant petition for judicial review with the trial court. In the petition, Lumbermens seeks to overturn the decision of the appeals panel and requests the entry of a judgment of a ten percent impairment rating. If it succeeds, Lumbermens intends to seek reimbursement of the overpayment to Portillo from the Subsequent Injury Fund ("SIF"). *See id.* § 403.006 (West Supp. 2010) (establishing the SIF as a "dedicated account in the general revenue fund"), § 410.209 (West 2006) (stating that the SIF "shall reimburse an insurance carrier for any overpayments of benefits made under an

---

[1] The labor code defines MMI generally as the earlier of: (A) the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated; or (B) the expiration of 104 weeks from the date on which income benefits begin to accrue. TEX. LAB. CODE ANN. § 401.011(30) (West Supp. 2010).

[2] The "impairment rating" is "the percentage of permanent impairment of the whole body resulting from a compensable injury." *Id.* § 401.011(24). It is used to calculate the worker's impairment income benefits. *See id.* § 408.121 (West 2006).

interlocutory order or decision if that order or decision is reversed or modified by final arbitration, order, or decision of the commissioner or a court").

Portillo filed a plea to the jurisdiction, arguing that the judgment Lumbermens seeks would be advisory because Lumbermens is requesting reimbursement from the SIF, not from Portillo. The trial court granted Portillo's plea to the jurisdiction but subsequently entered a final judgment on the merits. The trial court then vacated the final judgment and dismissed the case for want of jurisdiction.[3] This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

By its first issue, Lumbermens contends that the trial court erred in concluding that it did not have subject matter jurisdiction over Lumbermens' petition for judicial review. Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d, 440, 443 (Tex. 1993); *Everest Nat'l Ins. Co. v. Tex. Workers' Comp. Comm'n,* 80 S.W.3d 269, 271 (Tex. App.—Austin 2002, no pet.). A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). On appeal from the judgment of dismissal, we are obliged to take as true the allegations in Lumbermens' petition and construe them favorably to its position. *See*

---

[3] On the same date that the judgment was vacated and the case dismissed for want of jurisdiction, the trial court entered findings of fact and conclusions of law pertaining to the merits of the underlying dispute.

3

*Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *Novak v. M.D. Anderson Cancer Ctr.*, 50 S.W.3d 512, 516 (Tex. App.—Austin 2000), *rev'd on other grounds,* 52 S.W.3d 704, 711 (Tex. 2001).

Section 410.209 of the labor code entitles a workers' compensation carrier that has paid benefits under an "interlocutory order or decision" of the Division to be reimbursed from the SIF for any overpayments if the order or decision is ultimately "reversed or modified by final arbitration, order, or decision of the commissioner or a court." TEX. LAB. CODE ANN. § 410.209. Therefore, to establish a right to reimbursement under section 410.209, Lumbermens bore the burden to prove that: (1) it was required to pay workers' compensation benefits by an "interlocutory order or decision" of the Division; (2) it paid benefits under the interlocutory order; and (3) the order was ultimately "reversed or modified" by a "final . . . order, or decision of . . . a court." *Id.*

### III. ANALYSIS

It is undisputed that Lumbermens paid benefits under the interlocutory order of the Division. *See id.* However, before it can seek reimbursement from the SIF, Lumbermens must show that the order was "reversed or modified" by "the commissioner or a court." *Id.* Because the trial court granted Portillo's plea to the jurisdiction, Lumbermens was prevented from seeking reversal or modification of the order.

In its petition for judicial review, Lumbermens alleged that the hearing officer and appeals panel erred in determining that a twenty percent impairment rating for Portillo was proper.[4] Lumbermens sought judicial review to set aside the final decision of the

---

[4] Specifically, Lumbermens contended that the hearing officer erred by relying on advisories issued by the Executive Director of the Division which allegedly "modify and substantively change the

4

Division.  It also requested a judgment that Portillo's proper impairment rating is, in fact, ten percent.

In his plea to the jurisdiction, Portillo argued that the judgment Lumbermens seeks would be advisory because "it would not have a practical affect [sic] on a now existing controversy between the parties."  *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444 (noting that Texas courts have no jurisdiction to render advisory opinions, which are opinions that decide abstract questions of law without binding the parties).  Portillo stated that "the now existing controversy between the parties, as Lumbermens has noted, is whether Lumbermens is entitled to reimbursement from the [SIF] for any overpayment of benefits."[5]  Relying on a separate provision in the statute, Portillo persuaded the trial court that it was powerless to order the fund to reimburse Lumbermens.  *See* TEX. LAB. CODE ANN. § 410.257(d) (West 2006).  The trial court thus concluded that it had no jurisdiction over Lumbermens' petition for judicial review.  We disagree with that determination.

---

plain meaning and application" of impairment evaluation guides published by the American Medical Association ("AMA").  *See id.* § 408.124 (West 2006)  (stating that "[a]n award of an impairment income benefit, whether by the commissioner or a court, must be based on an impairment rating determined using" the AMA guides); *Tex. Dep't of Ins. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 877 (Tex. App.—Austin 2006, pet. denied) (holding that the trial court did not err in declaring that the Division's issuance of the advisories "was invalid and that their application is an ultra vires act").

Because the judgment on appeal dismissed Lumbermens' action for want of subject matter jurisdiction, our inquiry here is limited to whether the trial court was correct in that determination. Accordingly, we do not address Lumbermens' second and third issues on appeal, which concern the merits of its petition for judicial review.  *See* TEX. R. APP. P. 47.1.

[5] In its pleadings before the trial court, Lumbermens stated:

As stipulated, Lumbermens cannot and will not seek reimbursement from Mr. Portillo.  If Lumbermens prevails, Mr. Portillo is entitled to keep the funds that he received. Lumbermens' sole recourse is to seek reimbursement from the Subsequent Injury Fund. Resolution of the issue pending before the Court (what is Mr. Portillo's impairment rating) is a statutory prerequisite. Lumbermens can seek reimbursement from the Subsequent Injury Fund only if the [the Division's] decision is reversed.

Subsection 410.257(d) of the labor code does state that "[a] judgment under this section may not order reimbursement from the subsequent injury fund." *Id.* However, Lumbermens is not asking the trial court to order reimbursement, strictly speaking. Instead, Lumbermens is merely asking, as the statutory scheme permits, for the trial court to review the evidence in the record to ascertain whether the Division properly determined Portillo's impairment rating. *See id.* § 410.209. If the trial court determines that the Division's order was improper, it must make its own determination based on the evidence and enter judgment accordingly. It is then incumbent upon Lumbermens to present that judgment to the SIF. *See* 28 TEX. ADMIN. CODE § 116.11(a), (c)(1), (c)(2), (c)(4) (2010); *Everest Nat'l Ins. Co.,* 80 S.W.3d at 274-75.[6] As Lumbermens argued to

---

[6] The Texas Administrative Code provides, in pertinent part:

(a) An insurance carrier may request:

  (1) reimbursement from the Subsequent Injury Fund (SIF), pursuant to Labor Code §403.006(b)(2), for an overpayment of income, death, or medical benefits when the insurance carrier has made an unrecoupable overpayment pursuant to decision of a hearing officer or the appeals panel or an interlocutory order, and that decision or order is reversed or modified by final arbitration, order, or decision of the commissioner, State Office of Administrative Hearings, or a court of last resort;

  . . . .

(b) Requests for reimbursement attributable to subsection (a)(1) of this section, insurance carrier claims of benefit overpayments made under an interlocutory order or decision of the commissioner that is later reversed or modified by final arbitration, order, decision of the commissioner, the State Office of Administrative Hearings, or court of last resort shall be filed with the SIF administrator in writing and include:

  (1) a claim-specific summary of the reason the insurance carrier is seeking reimbursement and the total amount of reimbursement requested;

  (2) a detailed payment record showing the dates of payments, the amounts of the payments, purpose of payments, the payees, the periods of benefits paid, all plain language notices (PLNs) regarding the payment of benefits, all certifications of maximum medical improvement, all assignments of impairment rating and documentation that demonstrates that the overpayment was unrecoupable as described in subsection (b) of this section, if applicable;

6

the trial court, an order "revers[ing] or modif[ying]" the Division's decision is a statutory prerequisite to its ability to seek reimbursement for any overpayment from the SIF. *See* TEX. LAB. CODE ANN. § 410.209. The judgment that Lumbermens seeks is not a judgment compelling the SIF to reimburse it, but rather, a judgment "revers[ing] or modif[ying]" the Division's decision as to Portillo's impairment rating, which is authorized by statute. *See id.* Such a judgment would not be merely advisory; accordingly, the trial court had subject matter jurisdiction over Lumbermens' petition for judicial review. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444. Lumbermens' first issue is sustained.[7]

## IV. CONCLUSION

The trial court erred in granting Portillo's plea to the jurisdiction. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

$\underline{\hspace{5cm}}$
DORI CONTRERAS GARZA
Justice

Delivered and filed the
21st day of July, 2011.

---

. . . .

    (4) copies of all relevant orders and decisions (Benefit Review Conferences, Interlocutory Orders, Contested Case Hearing Decisions & Orders, Appeals Panel Decisions, and Court orders) regarding the payment for which reimbursement is being requested along with an indication of which document is the final decision on the matter.

28 TEX. ADMIN. CODE § 116.11(a), (c)(1), (c)(2), (c)(4) (2010).

    [7] We do not address Lumbermens' second or third issues because those issues pertain only to the merits of its petition for judicial review. *See supra* n.4.