NUMBER 13-10-00470-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

LUMBERMENS MUTUAL CASUALTY                                                Appellant,

COMPANY,                                                                                     

 

v.

 

NOE PORTILLO,                                                                             
Appellee.

                                                                                                                             

 

On appeal from the 398th District Court

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza 

 

            This appeal arises
out of the judicial review of a workers’ compensation decision regarding the
proper impairment rating for appellee, Noe Portillo.  See Tex. Lab. Code Ann. § 410.251 (West
2006).  Appellant, Lumbermens Mutual Casualty Company (“Lumbermens”), sought to
overturn a decision of the appeals panel of the Texas Workers’ Compensation
Commission, now known as the Texas Department of Insurance, Division of Workers’
Compensation (“the Division”).  The trial court granted Portillo’s plea to the jurisdiction
and dismissed the case for lack of subject matter jurisdiction.  On appeal,
Lumbermens argues by three issues that the trial court erred.  We reverse and
remand.

I. 
Background

Portillo suffered a
work-related lumbar spinal injury on July 26, 2001, and he sought workers’
compensation benefits.  After reaching maximum medical improvement (“MMI”),[1]
Portillo was assigned an impairment rating[2]
of twenty percent by the contested case hearing officer of the Division.  See
id. § 408.122.  The
Division’s appeals panel affirmed the decision of the hearing officer.  See id.
§ 410.203 (West 2006).  Lumbermens, after paying benefits to Portillo pursuant
to the Division’s ruling, then filed the instant petition for judicial review
with the trial court.  In the petition, Lumbermens seeks to overturn the
decision of the appeals panel and requests the entry of a judgment of a ten
percent impairment rating.  If it succeeds, Lumbermens intends to seek
reimbursement of the overpayment to Portillo from the Subsequent Injury Fund
(“SIF”).  See id. § 403.006 (West Supp. 2010) (establishing the
SIF as a “dedicated account in the general revenue fund”), § 410.209 (West
2006) (stating that the SIF “shall reimburse an insurance carrier for any
overpayments of benefits made under an interlocutory order or decision if that order
or decision is reversed or modified by final arbitration, order, or decision of
the commissioner or a court”).

Portillo filed a plea
to the jurisdiction, arguing that the judgment Lumbermens seeks would be
advisory because Lumbermens is requesting reimbursement from the SIF, not from
Portillo.  The trial court granted Portillo’s plea to the jurisdiction but subsequently
entered a final judgment on the merits.  The trial court then vacated the final
judgment and dismissed the case for want of jurisdiction.[3] 
This appeal followed.

II.  Standard of Review and Applicable Law

By its first issue,
Lumbermens contends that the trial court erred in concluding that it did not
have subject matter jurisdiction over Lumbermens’ petition for judicial
review.  Subject matter jurisdiction is essential to the authority of a court
to decide a case.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d, 440, 443 (Tex. 1993); Everest Nat’l Ins. Co. v. Tex. Workers’ Comp.
Comm’n, 80 S.W.3d 269, 271 (Tex. App.—Austin 2002, no pet.).  A plea to the
jurisdiction is a dilatory plea used to defeat a cause of action without regard
to whether the claims asserted have merit.  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  The plea challenges the trial court’s subject
matter jurisdiction.  Id.; see Tex. Dep’t of Transp. v. Jones, 8
S.W.3d 636, 638 (Tex. 1999).  Whether a trial court has subject matter
jurisdiction is a question of law that we review de novo.  Tex. Dep’t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).  On appeal from the judgment of dismissal, we are obliged to take as
true the allegations in Lumbermens’ petition and construe them favorably to its
position.  See Tex. Ass’n of Bus., 852 S.W.2d at 446; Novak v. M.D.
Anderson Cancer Ctr., 50 S.W.3d 512, 516 (Tex. App.—Austin 2000), rev’d
on other grounds, 52 S.W.3d 704, 711 (Tex. 2001).

            Section
410.209 of the labor code entitles a workers’ compensation carrier that has
paid benefits under an “interlocutory order or decision” of the Division to be
reimbursed from the SIF for any overpayments if the order or decision is
ultimately “reversed or modified by final arbitration, order, or decision of
the commissioner or a court.”  Tex. Lab.
Code Ann. § 410.209.  Therefore, to establish a right to reimbursement
under section 410.209, Lumbermens bore the burden to prove that:  (1) it was
required to pay workers’ compensation benefits by an “interlocutory order or decision”
of the Division; (2) it paid benefits under the interlocutory order; and (3)
the order was ultimately “reversed or modified” by a “final . . . order, or
decision of . . . a court.”  Id.

III.  Analysis

It is undisputed that
Lumbermens paid benefits under the interlocutory order of the Division.  See
id.  However, before it can seek reimbursement from the SIF, Lumbermens
must show that the order was “reversed or modified” by “the commissioner or a
court.”  Id.  Because the trial court granted Portillo’s plea to the
jurisdiction, Lumbermens was prevented from seeking reversal or modification of
the order.

In its petition for
judicial review, Lumbermens alleged that the hearing officer and appeals panel erred
in determining that a twenty percent impairment rating for Portillo was proper.[4]
 Lumbermens sought judicial review to set aside the final decision of the
Division.  It also requested a judgment that Portillo’s proper impairment
rating is, in fact, ten percent.

In his plea to the jurisdiction,
Portillo argued that the judgment Lumbermens seeks would be advisory because
“it would not have a practical affect [sic] on a now existing controversy
between the parties.”  See Tex. Ass’n of Bus., 852 S.W.2d at 444 (noting
that Texas courts have no jurisdiction to render advisory opinions, which are
opinions that decide abstract questions of law without binding the parties). 
Portillo stated that “the now existing controversy between the parties, as
Lumbermens has noted, is whether Lumbermens is entitled to reimbursement from
the [SIF] for any overpayment of benefits.”[5]
 Relying on a separate provision in the statute, Portillo persuaded the trial
court that it was powerless to order the fund to reimburse Lumbermens.  See Tex. Lab. Code Ann. § 410.257(d)
(West 2006).  The trial court thus concluded that it had no jurisdiction over
Lumbermens’ petition for judicial review.  We disagree with that determination.

Subsection 410.257(d)
of the labor code does state that “[a] judgment under this section may not
order reimbursement from the subsequent injury fund.”  Id.  However,
Lumbermens is not asking the trial court to order reimbursement, strictly
speaking.  Instead, Lumbermens is merely asking, as the statutory scheme
permits, for the trial court to review the evidence in the record to ascertain whether
the Division properly determined Portillo’s impairment rating.  See id.
§ 410.209.  If the trial court determines that the Division’s
order was improper, it must make its own determination based on the evidence
and enter judgment accordingly.  It is then incumbent upon Lumbermens to
present that judgment to the SIF.  See 28 Tex. Admin. Code § 116.11(a), (c)(1), (c)(2), (c)(4) (2010); Everest
Nat’l Ins. Co., 80 S.W.3d at 274-75.[6]
 As Lumbermens argued to the trial court, an order “revers[ing] or modif[ying]”
the Division’s decision is a statutory prerequisite to its ability to seek
reimbursement for any overpayment from the SIF.  See Tex. Lab. Code Ann. § 410.209.  The
judgment that Lumbermens seeks is not a judgment compelling the SIF to
reimburse it, but rather, a judgment “revers[ing] or modif[ying]” the
Division’s decision as to Portillo’s impairment rating, which is authorized by
statute.  See id.  Such a judgment would not be merely advisory;
accordingly, the trial court had subject matter jurisdiction over Lumbermens’
petition for judicial review.  See Tex. Ass’n of Bus., 852 S.W.2d at 444. 
Lumbermens’ first issue is sustained.[7]

IV.  Conclusion

The trial court erred
in granting Portillo’s plea to the jurisdiction.  We reverse the judgment of
the trial court and remand for further proceedings consistent with this
opinion.

                                                                                                ________________________

DORI
CONTRERAS GARZA

                                                                                                Justice

 

 

Delivered and
filed the 

21st day of July,
2011.









[1]
The labor code defines MMI generally as the earlier of:  (A) the earliest date
after which, based on reasonable medical probability, further material recovery
from or lasting improvement to an injury can no longer reasonably be
anticipated; or (B) the expiration of 104 weeks from the date on which income
benefits begin to accrue.  Tex. Lab.
Code  Ann. § 401.011(30) (West Supp. 2010).

 





[2]
The “impairment rating” is “the percentage of permanent impairment of the whole
body resulting from a compensable injury.”  Id. § 401.011(24).  It is
used to calculate the worker’s impairment income benefits.  See id. §
408.121 (West 2006).





[3]
On the same date that the judgment was vacated and the case dismissed for want
of jurisdiction, the trial court entered findings of fact and conclusions of
law pertaining to the merits of the underlying dispute.





[4]
Specifically, Lumbermens contended that the hearing officer erred by relying on
advisories issued by the Executive Director of the Division which allegedly
“modify and substantively change the plain meaning and application” of
impairment evaluation guides published by the American Medical Association
(“AMA”).  See id. § 408.124 (West 2006)  (stating that “[a]n award of an
impairment income benefit, whether by the commissioner or a court, must be
based on an impairment rating determined using” the AMA guides); Tex. Dep’t
of Ins. v. Lumbermens Mut. Cas. Co., 212 S.W.3d 870, 877 (Tex. App.—Austin
2006, pet. denied) (holding that the trial court did not err in declaring that
the Division’s issuance of the advisories “was invalid and that their
application is an ultra vires act”).

 

Because the judgment on appeal dismissed Lumbermens’
action for want of subject matter jurisdiction, our inquiry here is limited to
whether the trial court was correct in that determination.  Accordingly, we do
not address Lumbermens’ second and third issues on appeal, which concern the merits
of its petition for judicial review.  See Tex. R. App. P. 47.1.

 





[5] In its pleadings
before the trial court, Lumbermens stated: 

 

As stipulated,
Lumbermens cannot and will not seek reimbursement from Mr. Portillo.  If
Lumbermens prevails, Mr. Portillo is entitled to keep the funds that he
received.  Lumbermens’ sole recourse is to seek reimbursement from the
Subsequent Injury Fund.  Resolution of the issue pending before the Court (what
is Mr. Portillo’s impairment rating) is a statutory prerequisite. Lumbermens
can seek reimbursement from the Subsequent Injury Fund only if the [the
Division’s] decision is reversed.

 





[6] The Texas
Administrative Code provides, in pertinent part:

 

(a)   An
insurance carrier may request: 

                   

(1)   reimbursement
from the Subsequent Injury Fund (SIF), pursuant to Labor Code §403.006(b)(2),
for an overpayment of income, death, or medical benefits when the insurance
carrier has made an unrecoupable overpayment pursuant to decision of a hearing
officer or the appeals panel or an interlocutory order, and that decision or
order is reversed or modified by final arbitration, order, or decision of the
commissioner, State Office of Administrative Hearings, or a court of last
resort;

 

. . . .

 

(b)   Requests
for reimbursement attributable to subsection (a)(1) of this section, insurance
carrier claims of benefit overpayments made under an interlocutory order or
decision of the commissioner that is later reversed or modified by final
arbitration, order, decision of the commissioner, the State Office of
Administrative Hearings, or court of last resort shall be filed with the SIF
administrator in writing and include: 

 

(1)   a
claim-specific summary of the reason the insurance carrier is seeking
reimbursement and the total amount of reimbursement requested; 

 

(2)   a
detailed payment record showing the dates of payments, the amounts of the
payments, purpose of payments, the payees, the periods of benefits paid, all
plain language notices (PLNs) regarding the payment of benefits, all certifications
of maximum medical improvement, all assignments of impairment rating and
documentation that demonstrates that the overpayment was unrecoupable as
described in subsection (b) of this section, if applicable;

 

. . . .

 

(4)   copies of all relevant orders and decisions (Benefit Review
Conferences, Interlocutory Orders, Contested Case Hearing Decisions &
Orders, Appeals Panel Decisions, and Court orders) regarding the payment for
which reimbursement is being requested along with an indication of which
document is the final decision on the matter.

 

28 Tex. Admin. Code § 116.11(a), (c)(1), (c)(2), (c)(4) (2010).

 





[7]
We do not address Lumbermens’ second or third issues because those issues pertain
only to the merits of its petition for judicial review.  See supra n.4.